Zapata v Edwards

2026 NY Slip Op 02359

April 16, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Christopher Zapata, Plaintiff-Appellant,

v

Jawara J. Edwards et al., Defendants-Respondents, The City of New York, Defendant.

Decided and Entered: April 16, 2026

Index No. 160696/20|Appeal No. 6395|Case No. 2025-01999|

Before: Manzanet-Daniels, J.P., Higgitt, Rosado, O'neill Levy, Chan, JJ.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Lori E. Parkman of counsel), for appellant.

Anna J. Ervolina, Deputy General Counsel, Metropolitan Transportation Authority Law Department, Brooklyn (Jeremy Pepper of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered February 27, 2025, which granted defendants' motion for leave to renew their motion for summary judgment dismissing the complaint and, upon renewal, granted the motion, unanimously affirmed, without costs.

Supreme Court providently exercised its discretion in granting defendants' motion to renew based on the parties' depositions that were held after the denial of defendants' initial motion (see Han v Brighthouse Life Ins. Co. of NY, 192 AD3d 421, 422 [1st Dept 2021]). The deposition transcripts contained "new facts not offered on the prior motion that would change the prior determination" of the court (CPLR 2221[e][2]).

Defendants established their prima facie entitlement to summary judgment by submitting surveillance footage taken from inside the bus involved in the accident, which demonstrated that it had the right of way before the accident. The footage shows plaintiff riding a bicycle on the sidewalk parallel to the bus and demonstrates that he "entered the roadway from the sidewalk at a curb cut without stopping or yielding the right of way" in violation of Vehicle and Traffic Law §§ 1143 and 1231 (Rivera v Masola, 246 AD3d 544, 544 [1st Dept 2026]; see also Batista v Metropolitan Transp. Auth., 210 AD3d 487, 487-488 [1st Dept 2022]).

Plaintiff's assertion that defendant bus driver failed to exercise reasonable care to avoid the accident is belied by the record, which demonstrates that plaintiff attempted to enter the roadway after the front of the bus had already passed him. The bus driver had the right of way; thus, he was "entitled to assume that plaintiff would obey the traffic laws and not [enter the roadway] until it was safe to do so" (Eltosam v Darling Ingredients Inc., 235 AD3d 404, 404 [1st Dept 2025]). Under these circumstances, the bus driver was not comparatively at fault (see id.).

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 16, 2026